REPUBLIC NATIONAL LIFE INSURANCE
COMPANY, Appellant,

v.

The FIRST STATE BANK OF SAN DIEGO,
Appellee.

No. 3916.

Court of Civil Appeals of Texas.

Eastland.

Nov. 13, 1964.

Rehearing Denied Dec. 11, 1964.

Thomas G. Nash, Jr., Dallas, for appellant.

Werner A. Gohmert, Alice, for appellee.

COLLINGS, Justice.

The First State Bank of San Diego brought this suit against Republic National Life Insurance Company for the sum of $3,980.00, together with penalty and attorney's fees, alleged to be due plaintiff under the terms of a policy group credit life insurance issued by the defendant insurance company to and for the benefit of the plaintiff bank. The bank sought to recover as a creditor of Mrs. Elfred W. Dobie, alleged to have been covered under the terms of said policy at the time of her death. The case was tried before the court without a jury upon stipulated facts. Judgment was entered in favor of plaintiff bank against the defendant insurance company as prayed. The insurance company has appealed.

The facts as stipulated show that on or about May 1, 1960, the appellant insurance company delivered a master group credit life insurance contract to appellee bank which, among other things, provided that "All debtors of the Creditor * * *, whose respective names and amounts of

indebtedness as of the effective date of this policy are submitted by the Creditor to the Company * * * shall be initially insured * * * on the effective date of this policy * * *. While this policy is in force, all new debtors * * * may likewise be insured hereunder from the date they become new debtors of the Creditor." Under the heading of "Coverage of New Debtors" the policy further provided that "New or additional debtors may be admitted to coverage * * *."

On June 28, 1961, Mrs. Elfred W. Dobie executed a general power of attorney to her son and on June 29, 1961, her son on her behalf executed a promissory note to appellee bank in the sum of $10,115.00, payable March 1, 1962, and secured by a chattel mortgage. On the June report filed by appellee bank with the appellant insurance company Mrs. Dobie was listed for credit insurance and a premium was paid therefor. On February 28, 1962, a renewal note in the sum of $8,980.00 was executed by Mrs. Dobie's son as her attorney in fact extending the prior note dated June 29, 1961. Appellee bank again listed Mrs. Dobie for credit life insurance on its report to the insurance company and a premium was paid therefor. On September 1, 1962, another note was executed by Mrs. Dobie's son for and on her behalf in the sum of $3,980.00, which was a renewal and extension of the note dated February 28, 1962, and constituted the entire balance due on said prior notes. Mrs. Dobie's name was again listed on the credit life insurance report for that month and a premium was paid to appellant insurance company. On June 6, 1963, Mrs. Dobie died from a coronary heart disease and proof of her death was duly filed. All premiums paid by the bank for the coverages sought to be placed in force were tendered and sought to be returned by appellant insurance company to appellee bank but the bank rejected such tender.

In its first three points appellant Republic National Life Insurance Company contends that the court erred in refusing to render judgment in its favor because the bank failed to discharge its burden of proving that Mrs. Dobie was insured under the group credit life insurance contract; that to be eligible for insurance under the group policy it was required that Mrs. Dobie should be "a new debtor", and that the bank did not sustain its burden of proving that Mrs. Dobie was a new debtor at the time the insurance was sought to be placed upon her life. We cannot agree with this contention. Under the terms of the master policy coverage could exist on the life of Mrs. Dobie if she was initially insured as a debtor on the effective date of the policy or if at the time of the execution of the note sued upon she incurred a new debt with appellee bank as contemplated by the terms of the policy. It is not contended that Mrs. Dobie was initially insured on the effective date of the policy in question. It is contended, and in our opinion correctly, that Mrs. Dobie was a "new or additional debtor" as contemplated by the terms of the policy. The first debt created against Mrs. Dobie on June 29, 1961, came into existence after the effective date of the master policy, to wit, May 1, 1960, and while such policy was still in force. Without question Mrs. Dobie was a new debtor at that time as contemplated by the terms of the policy. The subsequent notes including that of September 1, 1962, in the sum of $3,980.00, which is here in question, were extensions of the original note and likewise constituted "new or additional debts" within the meaning of the policy provisions and are within the coverage applicable to new or additional debtors.

Appellant relies upon Republic National Life Insurance Company v. Spillars, 368 S.W.2d 92 (Sup.Ct.), in support of its contention that Mrs. Dobie was not a new debtor as contemplated by the provisions of the group credit life insurance contract. The facts of the Spillars case are different from those of the instant case. In that case Spillars was indebted to the bank before the insurance company issued

the group creditor life insurance contract to the bank. Spillars thereafter executed a note to the bank in renewal of the indebtedness which existed prior to the issuance of the insurance policy. Our Supreme Court held that under those facts Spillars was not "a new debtor" and was ineligible for coverage under the provisions of the policy insuring the bank's new debtors. In the instant case Mrs. Dobie was not indebted to the bank when appellant insurance company issued the policy sued upon. She was a new debtor at the time of the execution of the note dated June 29, 1961. It is our opinion that under the terms of the policy sued upon she continued to be a new or additional debtor in the execution of each of the subsequent notes, which were extensions and renewals of such indebtedness.

In appellant's sixth point it is contended that the court erred in refusing to render judgment in its favor because appellee bank failed to discharge its burden of proving that coverage on the life of Mrs. Dobie was not within the policy exception. Appellant insurance company urged in its pleadings that Mrs. Dobie's life was excluded from the group coverage by the following policy exception:

> "2. Debtors who are delinquent on their contracts of indebtedness on the date insurance under the policy would otherwise have become effective on such debtors."

Appellant contends that appellee bank failed to show that this exception did not apply to Mrs. Dobie and exclude her from coverage under the policy. We agree with appellant's contention that since appellant pleaded the exception referred to, appellee was required to show that the note in question was not delinquent at the time of Mrs. Dobie's death on June 6, 1963. Rule 94, Texas Rules of Civil Procedure. But, we cannot agree that appellee failed to establish such fact. It was stipulated that the note in question was executed on September 1, 1962, and payable on September 1, 1963. It was stipulated that Mrs. Dobie died on June 6, 1963, and the note according to the stipulation was therefore not at that time delinquent, since it was not due until September 1, 1963.

The judgment is affirmed.